UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 0:18-cr-00296-SRN-KMM |
| Plaintiff, | |
| v. | ORDER |
| 1. THOMAS DANIEL STACHOWIAK, | |
| Defendant. | |

This matter is before the Court on Thomas Daniel Stachowiak's motions for discovery and disclosure. The Court held a hearing on the motions on January 31, 2019. Based on the motions, the discussion at the hearing, and the entire record in this case, the Court enters the following Order.

1. Motion for Disclosure of 404 Evidence (ECF No. 44).

Mr. Stachowiak moves for immediate disclosure[1] of any evidence the government intends to introduce at trial concerning other "bad acts" or "similar course of conduct." Federal Rule of Evidence 404(b) requires the government to provide reasonable notice that it will introduce evidence of a crime, wrong, or other act to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The government does not object to disclosure of any evidence covered by Rule 404(b), but objects to immediate disclosure. The motion **(ECF No. 44)** is **GRANTED** consistent with Rule 404(b). The government shall make disclosures as required by Rule 404(b) at least two weeks prior to trial.

---

[1] Mr. Stachowiak's motion mentions a request for immediate disclosure, but it also specifically requests that the disclosures be made at least two weeks before trial. (ECF No. 44.)

2. **Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 45).**

Mr. Stachowiak seeks disclosure of exculpatory and impeaching evidence. The government states that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972, and their progeny and will fully comply with those obligations. However, the government objects to the motion to the extent it seeks information beyond that which it is required to disclose under the caselaw. Mr. Stachowiak's motion **(ECF No. 45) is GRANTED.** The government shall make disclosures to the defense as required by *Brady*, *Giglio*, and their progeny. These cases impose a continuing obligation on the government to disclose evidence that is favorable to a defendant in a criminal proceeding.

3. **Motion to Provide Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing (ECF No. 46).**

The government represents that if any witness testifies at the suppression hearing who also testified before the grand jury, it will provide the transcript of the grand jury testimony to the defense. Consistent with the government's representation, the motion **(ECF No. 46) is GRANTED.**

4. **Motion to Disclose and Make Informants Available for Interview (ECF No. 47).**

Mr. Stachowiak moves for the disclosure of the identities of any informants the government used in its investigation and for an order requiring the government to make those informants available for an interview. The government represents that it used a confidential informant during its investigation and does not oppose providing the name of the informant to the defense pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957). The government represents that it has concerns for the informant's physical safety and requests that the informant's identity be disclosed 30 days before trial. The defense does not object to the government's proposal.

However, the government objects to the request that the informant be made available for interview. Both the government and the defense "have an equal right to interview witnesses in a criminal proceeding," but an informant is

free to decline to be interviewed by defense counsel. *United States v. Bittner*, 728 F.2d 1038, 1041 (8th Cir. 1984). Here, if the informant chooses not to be interviewed by defense counsel, then the government is not required to make him or her available for interview.

Consistent with the foregoing, Mr. Stachowiak's motion **(ECF No. 47)** is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted to the extent that the government shall disclose the identity of the confidential informant at least 30 days before trial. At this time, the motion is denied to the extent that the government need not make the informant available for an interview.

5. Motion for Early Disclosure of Jencks Act Material (ECF No. 48).

Mr. Stachowiak's motion for early disclosure of Jencks Act material **(ECF No. 48)** is **DENIED.** The Jencks Act does not require the disclosure of any witness statement or report in the possession of the government from being disclosed until after the witness has testified at trial. 18 U.S.C. § 3500(a). Nothing in this Order prohibits the government from voluntarily making Jencks Act materials available to the defense sufficiently in advance of trial to avoid any unnecessary delays, and the Court strongly encourages open-file discovery. The government represents that it will make disclosures of Jencks Act material at least three business days prior to trial.

6. Motion to Disclose Post-Conspiracy Statements of Co-Defendants (ECF No. 49).

Mr. Stachowiak seeks an order compelling the government to give notice of any intent to use the statements or confessions of co-defendants or any unindicted co-conspirators at trial, and to disclose such statements. His motion does not seek to suppress any such statements at this time, but he does request permission to file motions for severance, suppression, and motions in limine related to these statements if the need arises at a later date. Pursuant to *Bruton v. United States*, 391 U.S. 123, 126 (1968), in a joint trial, the Sixth Amendment Confrontation Clause prevents the government from admitting the incriminating statement of a co-defendant who is not subject to cross examination. Mr. Stachowiak's co-defendant is his brother, David Stachowiak, who has withdrawn his pretrial motions and indicated that a plea agreement with the government is likely forthcoming so that a joint trial will not occur. The

government represented that it has concerns regarding the disclosure of co-defendant statements in this case and indicated an intention to confer with Thomas Stachowiak's counsel regarding disclosure.

Based on the foregoing, the motion **(ECF No. 49)** is **GRANTED IN PART** to the extent that Mr. Stachowiak seeks leave to file additional motions should the need arise. Consistent with the government's representation at the hearing regarding disclosure of co-defendant statements, counsel for the parties **shall meet and confer within seven days of this Order.** If no agreement with respect to disclosure of any co-defendant statements can be reached by that time, counsel shall contact the undersigned to request a telephone conference to discuss any outstanding issues regarding disclosure.

7.    Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (ECF No. 50).

Mr. Stachowiak moves for disclosure of a written summary of the testimony that will be provided by any expert witness the government intends to call during its case-in-chief at trial. At the hearing on the motion, the government represented that it has not thus far conducted any testing and there is no expert witness evidence to produce at this time. The motion for expert disclosure **(ECF No. 50)** is **GRANTED IN PART**. Although there is nothing to disclose at this time, if such evidence does arise, the government shall provide expert discovery to the defense as required by Federal Rule of Criminal Procedure 16 at least three weeks prior to trial.

*Suppression Motions*

Mr. Stachowiak filed motions to suppress evidence seized by and statements made to law enforcement officers. (ECF Nos. 50–51.) During the hearing, counsel for Mr. Stachowiak indicated that the motion to suppress statements did not include any challenge to the admissibility of statements he made during a September 14, 2018 traffic stop. The government represented that it does not intend to offer into evidence statements that Mr. Stachowiak made after he was arrested and was interviewed by law enforcement. Based on the representations of the parties, the motion to suppress statements **(ECF No. 51)** is deemed to be **WITHDRAWN**. Mr. Stachowiak is not prohibited by this Order from renewing his motion to suppress statements if the situation changes.

4

During the hearing, the Court heard testimony regarding the September 14, 2018 stop of Mr. Stachowiak's vehicle by Senior Deputy Adam Johnson of the Stearns County Sheriff's Department. The Court also received exhibits in evidence, including state orders authorizing the tracking of Mr. Stachowiak's cellular telephones and video of the traffic September 14, 2018 traffic stop. The Court set a schedule for post-hearing briefing. After the transcript of the hearing is prepared and upon the completion of the post-hearing briefing, the Court will take the matters under advisement and issue a report and recommendation.

Date: February 1, 2019            *s/Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge